Filed 12/13/24  P. v. Rogers CA6
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES ALLEN ROGERS,<br><br>    Defendant and Appellant. | H051287<br>(Santa Clara County<br>Super. Ct. No. C9937403) |

Charles Allen Rogers appeals a postjudgment order denying his motion under Penal Code section 1172.75[1] to recall his sentence, remove a prior prison term enhancement (prison prior) imposed pursuant to section 667.5, former subdivision (b), and be resentenced.  The trial court denied Rogers's motion on the ground that relief under section 1172.75 is unavailable when the punishment on a prison prior has been stayed.

The trial court and the parties assumed (based upon the abstract of judgment) that the trial court at Rogers's sentencing had imposed but stayed the punishment on the prison prior.  This court obtained the reporter's transcript of the sentencing hearing, and it is now clear that the sentencing court in fact dismissed the prison prior.  After reviewing

---

[1] All further unspecified statutory references are to the Penal Code.

this additional information, the parties agree that Rogers is not entitled to a recall of his sentence and resentencing under section 1172.75. They also assert that the abstract of judgment must be corrected.

We agree. We affirm the trial court's order denying Rogers's request to be resentenced but order a correction to the abstract of judgment.

## I. PROCEDURAL BACKGROUND[2]

In February 2000, a jury found Rogers guilty of one count of pandering a minor under the age of 16 (§ 266i, subd. (b)), two counts of lewd and lascivious acts on a child under 14 years old (§ 288, subd. (a)), one count of pimping where the prostitute is under 16 years old (§ 266h, subd. (b)), and one count of pimping (§ 266h, subd. (a)).

With respect to prior convictions, the information alleged that Rogers had suffered three prior convictions for violent or serious felonies (strike priors) (§§ 667, subd. (b)–(i); 1170.12), one prior serious felony conviction (§ 667, subd. (a)), and a prior prison term (prison prior) (§ 667.5, former subd. (b).) At Rogers's initial sentencing, the trial court dismissed the prison prior and declined to strike the strike priors pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. (See *People v. Rogers* (Dec. 12, 2002) H021676 [nonpub. opn.].) Rogers appealed, alleging a variety of errors in his trial and sentencing. This court reversed the judgment and remanded for resentencing but otherwise affirmed the convictions. (*Ibid.*)

On remand from this court for resentencing, in May 2003 the superior court sentenced Rogers under the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12) to an

---

[2] The facts of the underlying offenses are not relevant to the legal issue addressed in this appeal. On our own motion, we take judicial notice of the procedural history contained in this court's prior opinions from Rogers's appeals from the original judgment *People v. Rogers* (Dec. 12, 2002) H021676 [nonpub. opn.] and from his resentencing upon remand by this court (*People v. Rogers* (Jan. 26, 2004, H026257) [nonpub. opn.]), and from his 2020 petition for writ of habeas corpus (*In re C.R.* (May 26, 2022, H047991) [nonpub. opn.] (denying Rogers's petition seeking nonviolent offender early parole consideration pursuant to Prop. 57). (Evid. Code, § 459, subd. (a).)

aggregate term of 105 years to life, comprising 25 years to life for each offense except pimping plus five years for a prior serious felony conviction (§ 667, subd. (a)). The court imposed a concurrent 25-year-to-life term for pimping. The court selected the term imposed for pandering a minor under the age of 16 as the principal term and awarded Rogers 1,416 days of custody credits.[3]

With respect to the prison prior, the trial court stated, "the enhancement for that prison prior is dismissed in the interests of justice, pursuant to Penal Code section 1385, for the reason that the prison prior is punishment for the defendant's recidivism—in the court's judgment his recidivism is adequately punished by his punishment under the Three Strikes law in this case."[4] Notwithstanding the court's dismissal of the enhancement, the abstract of judgment, in the portion of the form marked "enhancements" (capitalization omitted), indicates time imposed on two prison prior enhancements as "**."[5]

In July 2023, through counsel, Rogers filed a request to be resentenced under section 1172.75 (motion).[6] Rogers asked the trial court to recall his sentence, "remove the imposed [prison] prior," and to conduct a new, full resentencing hearing.

---

[3] The resentencing court subsequently corrected the award of custody credits to add 47 days under section 2933.1, for a total of 1463 days of custody credits.

[4] On November 18, 2024, after briefing in this court was completed, we notified the parties of our intent to take judicial notice of trial court records from Rogers's May 30, 2003 resentencing—namely, the reporter's transcript, minute order, corrected minute order, supplemental probation memorandum, abstract of judgment, corrected abstract of judgment, letter from Rogers's trial counsel noting an error in the calculation of credits under section 2933.1, and the trial court's subsequent correction of the error. Neither party objected to this court taking judicial notice of these documents, and on our own motion we take judicial notice of them. (See Evid. Code, §§ 452, subd. (d), 459.)

[5] On appeal following Rogers's resentencing, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, this court reviewed the record and concluded there was no arguable issue. (See *People v. Rogers* (Jan. 26, 2004, H026257) [nonpub. opn.].)

[6] The Department of Corrections and Rehabilitation apparently identified Rogers as having a legally invalid prior prison term enhancement in his sentence. (See § 1172.75, subd. (b).)

The district attorney opposed Rogers's motion.

On August 2, 2023, the trial court issued a written order. It described the legal issue before it as "whether a defendant with a punishment [] stricken or stayed Penal Code section 667.5[, subdivision] (b) enhancement is eligible for relief under Penal Code section 1172.75." The court denied Rogers's motion, reasoning that the prison prior "was not 'imposed' because no additional term of punishment was added to the base when the punishment was stayed . . . at the time of sentencing." Rogers timely appealed the denial of his motion.

## II. DISCUSSION

In his initial briefing in this court, Rogers contended the trial court erred in denying his motion because a prison prior where the punishment (but not the enhancement itself) was stricken is still a prison prior which has been imposed for purposes of section 1172.75. The Attorney General disagreed. He argued that section 1172.75 contemplates resentencing only for defendants serving sentences for imposed and executed prior prison term enhancements—i.e., those that actually alter a defendant's aggregate sentence.

After the parties had completed their appellate briefing, on its own motion this court obtained the reporter's transcript from Rogers's May 30, 2003 resentencing, which had not been included in the record. This court provided those records to the parties and requested supplemental briefing on their relevance to the legal issue raised in this appeal. In his supplemental briefing, Rogers concedes that, because his current judgment does not include an enhancement under section 667.5, former subdivision (b), he is not entitled to resentencing under section 1172.75. Nevertheless, Rogers requests that the abstract of judgment be corrected to reflect the trial court's dismissal of the prison prior at Rogers's resentencing. The Attorney General agrees on both points.

We agree that Rogers is not eligible for a recall of his sentence and resentencing under the plain language of section 1172.75. (See § 1172.75, subd. (a) ["Any sentence

4

enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code is legally invalid."] & subd. (c) ["If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."].)  The reporter's transcript from Rogers's 2003 resentencing makes clear that the trial court dismissed under section 1385 the entire section 667.5, subdivision (b) enhancement—not just its punishment.

Rogers's judgment therefore does not include an enhancement under section 667.5, former subdivision (b).  Because Rogers is ineligible for resentencing under section 1172.75, we affirm the trial court's order denying his request for resentencing. (See *People v. Zamudio* (2008) 43 Cal.4th 327, 351, fn. 11 ["Although this analysis is different from the trial court's, 'we review the ruling, not the court's reasoning and, if the ruling was correct on any ground, we affirm.' "].)

We also agree with the parties that the abstract of judgment does not accurately reflect the trial court's oral pronouncement of sentence.  The November 20, 2003 amended abstract of judgment indicates that two enhancements were imposed pursuant to section 667.5, former subdivision (b).  In fact, there was only one such enhancement, and it was stricken at Rogers's May 30, 2003 resentencing.  It therefore should not have appeared at all on the abstract of judgment.  We may correct this clerical error at any time (*People v. Mitchell* (2001) 26 Cal.4th 181, 185) and now do so.

### III.  DISPOSITION

The trial court's August 2, 2023 order denying Rogers's request to be resentenced pursuant to Penal Code section 1172.75 is affirmed.  Rogers's November 20, 2003 amended abstract of judgment is corrected to reflect that there are no enhancements under Penal Code section 667.5, former subdivision (b).  The trial court is directed to amend the

5

abstract of judgment accordingly and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

_____
Danner, J.

WE CONCUR:

_____
Greenwood, P. J.

_____
Grover, J.

**H051287**
*People v. Rogers*